465 So.2d 688 (1985)
Michael Jerry CAMPBELL
v.
LUKE CONSTRUCTION COMPANY.
No. 84-C-1589.
Supreme Court of Louisiana.
April 1, 1985.
James Michael Stefanski, Edwards, Stefanski & Barousse, Crowley, for plaintiff-applicant.
Gregory Laborde, Andrus, Preis & Kraft, Lafayette, for defendant-respondent.
MARCUS, Justice.
Michael Jerry Campbell brought suit on October 16, 1980 against his employer, Luke Construction Company, to recover permanent total disability benefits under the Louisiana Worker's Compensation Law for a back injury which occurred on August 26, 1980 during the course and scope of his employment. The trial judge rendered judgment on December 8, 1981 in favor of Campbell and awarded him compensation benefits for one year and medical expenses. On July 28, 1982, Campbell filed a petition seeking modification of the previous judgment of compensation pursuant to La.R.S. 23:1331.[1] The trial judge dismissed the *689 claim and the court of appeal affirmed.[2] On Campbell's application, we granted certiorari to review the correctness of that decision.[3]
Campbell was hired by Luke Construction in August of 1980 as a roustabout. His duties included general labor around the work sites and lifting of heavy objects. On August 26, 1980, Campbell, age 23, was loading chains which weighed about one to two hundred pounds onto a truck when he felt a sharp pain in his back. Campbell had no prior history of lower back injury or pain. He reported the incident to his supervisor, who took him to see Dr. Howard Alleman who took x-rays and prescribed muscle relaxers and rest. He later referred Campbell to Dr. Fred Webre, an orthopedic surgeon. Dr. Webre saw Campbell three times and found that while his subjective complaints of back and right leg pain could suggest a herniated disc, there was no reason why he could not return to work nor any reason for further orthopedic treatment. Campbell next saw Dr. Alfred Harmon, a general practitioner, who diagnosed lumbosacral sprain and recommended physical therapy and use of a lumbosacral brace. After three visits, he referred Campbell to Dr. John Cobb, an orthopedic surgeon. Dr. Cobb diagnosed soft tissue injury. He conducted an electromyographic study and a myelogram, both of which yielded "normal" results.
In February of 1981, Campbell sought treatment from Dr. James Oates in Houston, Texas, a medical doctor with a specialty in physical medicine and rehabilitation. Dr. Oates conducted physical and electromyographic examinations and concluded that Campbell had sustained damage to the right and possibly the left nerve roots in his lower back which was most likely caused by a herniated disc. He stated that the negative results of the previous myelogram did not preclude his diagnosis. Dr. Oates referred Campbell to Dr. Harry Slade, a neurosurgeon.[4] Dr. Slade hospitalized Campbell and performed a lumbar venogram which indicated defects consistent with a herniated disc at L4-5. The record further reflects that Campbell received physical therapy treatments about 24 times between October and November of 1980 and about 65 times between January and April of 1981.
The trial judge concluded that Campbell was disabled for a period of one year and awarded him compensation for twelve months together with medical expenses. Luke Construction satisfied the judgment. Thereafter, on July 28, 1982, Campbell filed a petition for modification of the judgment of compensation alleging that tests done since the December 8, 1981 judgment indicated that he was suffering from a herniated disc at L4-5 and that he was totally and permanently disabled and was therefore entitled to increased disability benefits and medical expenses. The trial judge found that Campbell failed to prove a disabling condition and dismissed the modification claim. The court of appeal affirmed.
The sole issues presented are whether Campbell suffers from a disability which has increased since the original compensation judgment and, if so, the nature and extent of his disability and the amount of compensation to which he is entitled.
The record reflects that subsequent to the December 8, 1981 judgment, Campbell continued to seek medical attention for back pain. Between January 20, 1982 and March 1, 1983, he saw Dr. Kate Lee about 13 times in connection with back pain. While hospitalized in March of 1982 for a urinary infection, Campbell was also treated for back pain. On February 21, 1982, *690 Campbell returned to Dr. Harry Slade, the neurosurgeon who had performed a venogram prior to the first trial.[5] Dr. Slade testified that he hospitalized Campbell and conducted a myelogram. He opined that the myelogram results showed a "constant filling defect" on the right side of L4-5, which correlated with the results and diagnosis he had obtained from the earlier lumbar venogram. Dr. Slade offered further testing or surgical procedures such as rhizotomy or laminectomy, but Campbell declined.
At the request of Luke Construction, Campbell was examined by Dr. James McDaniel, an orthopedic surgeon.[6] Although he reviewed the reports of Drs. Webre, Cobb, Oates and Slade, Dr. McDaniel did not review the results of the venogram and myelogram that had been performed by Dr. Slade. Dr. McDaniel conducted a 30-minute orthopedic examination of Campbell and took x-rays. He made no other independent diagnostic tests of Campbell's back. He testified that he found no objective signs that would support a diagnosis of a herniated disc at L4-5. Dr. McDaniel conceded the possibility that the first myelogram done by Dr. Cobb could have failed to reveal a "bulging" disc but that later the disc problem could have manifested itself and appeared on the second myelogram. He further testified that despite his negative findings, there was a possibility that Campbell had a "bulging" disc at L4-5.
Campbell testified that since the judgment of compensation was rendered in December of 1981, his condition has deteriorated. He claimed that he feels nearly constant pain in his lower back and also has pain in his left leg, foot and arm, as well as headaches and dizziness.
In order to modify an original judgment of compensation pursuant to La. R.S. 23:1331, the employee must establish that his condition has changed or that the initial award was obtained through fraud, error or misrepresentation. Zachary v. Bituminous Casualty Corp., 371 So.2d 1249 (La.App. 3d Cir.1979). Plaintiff bears the burden of proving to a legal certainty and by a reasonable preponderance of the evidence the nature and extent of his disability. Jaeckle v. Dresser Industries, Inc., 457 So.2d 646 (La.1984). Positive findings of medical experts are to be afforded greater weight than the negative findings as to the existence or not of a particular condition. Comeaux v. Cameron Offshore Services, Inc., 420 So.2d 1209 (La.App. 3d Cir. 1982).
A careful review of the record leads us to conclude that Campbell proved by a preponderance of the evidence that his condition has changed and that he suffers from a disabling back injury. The results of the second myelogram, conducted by Dr. Slade, constitute objective evidence that Campbell's back condition has developed into a herniated disc. The findings of this diagnostic test support the conclusions of Dr. Slade and substantiate Campbell's subjective complaints of increased pain. The fact that Campbell continued to seek treatment for back pain on almost a monthly basis following the judgment of compensation further reinforces his claims. The negative findings of Dr. McDaniel as to the existence of a disc condition are unpersuasive, particularly because he performed no diagnostic procedures other than an orthopedic examination and x-rays and did not review the venogram and myelogram results obtained by Dr. Slade.
In sum, we conclude that the trial judge was clearly wrong in finding that Campbell did not prove a change in his condition by a preponderance of the evidence. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978). Rather, we find that Campbell met his burden and is entitled to modification of the original judgment of compensation. As the court of appeal found otherwise, it did not reach the issues of the nature and extent of Campbell's disability and the amount of compensation to which he is *691 entitled. We therefore consider it more appropriate to remand the case to that court for it to determine these issues.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed and the case is remanded to the court of appeal for further proceedings consistent with the views herein expressed.
NOTES
[1] La.R.S. 23:1331 provides:

A judgment of compensation may be modified by subsequent agreement between the parties, with the approval of a judge of the court which rendered the same.
At any time six months after the rendition of a judgment of compensation, a judge of the trial court that rendered the judgment shall review the same upon the application of either party for a modification thereof, on the grounds that the incapacity of the employee has been subsequently diminished or increased, or that the judgment was obtained through error, fraud, or misrepresentation. In such cases the provisions of R.S. 23:1121 through R.S. 23:1124 with reference to medical examinations shall apply.
La.R.S. 23:1331 was amended by Acts 1983, No. 1, § 1, eff. July 1, 1983.
[2] 453 So.2d 332 (La.App. 3d Cir.1984).
[3] 462 So.2d 199 (La.1984). The record presented for our review includes the deposition testimony of the doctors and the exhibits that were presented at the first trial, as well as the transcript, deposition testimony and exhibits from the modification hearing.
[4] Dr. Slade's initial treatment and hospitalization of Campbell took place before the November 25, 1981 trial. No deposition of Dr. Slade was included in the exhibits of that proceeding.
[5] The testimony of Dr. Slade at the modification hearing was by deposition.
[6] The testimony of Dr. McDaniel at the modification hearing was also by deposition.