STOKER, Judge.
Michael Jerry Campbell brought suit on October 16, 1960 against his employer, Luke Construction Company (Luke) to recover permanent total disability benefits under the Louisiana Worker’s Compensation Law for a back injury which occurred on August 26, 1980 during the course and scope of his employment. The trial judge rendered judgment on December 8, 1981 in favor of Campbell and awarded him compensation benefits for one year, and medical expenses. On July 28, 1982, Campbell filed a petition seeking modification of the previous judgment of compensation pursuant to LSA-R.S. 23:1331. The trial judge dismissed the claim and we affirmed. The Supreme Court, 465 So.2d 688, reversed, holding that the trial court was clearly wrong in finding that Campbell did not prove a change in his condition by a preponderance of the evidence, and remanded the case to this court to determine the nature and extent of Campbell’s disability and the amount of compensation to which he is entitled.
The defendant, Luke Construction Company, filed a brief with this Court after the remand urging that we remand this case to the trial court because there is no evidence in the record concerning the nature and extent of plaintiff’s disability or the amount of compensation to which he is entitled. Since the plaintiff did not file a brief on remand, we assume he has no objection to remanding the case to the trial court.
Campbell, in his petition for modification for judgment of compensation, asked that the court find him totally and permanently disabled. In his brief to this Court on appeal he argued that the trial court erred in failing to find him temporarily and totally disabled. Accordingly, we are unsure of the extent of the disability which Campbell claims. He made no argument concerning the extent of his disability in his original brief and, as mentioned above, did not file a brief on remand.
We agree with Luke that there is insufficient evidence in the record concerning the nature and extent of Campbell’s disability and the amount of compensation to which he is entitled. Although Campbell and Dr. Harry W. Slade described Campbell’s physical problems, they did not indicate to what extent he is disabled by these problems. There was no indication as to whether Campbell could do any type of work, and if so, when he would be able to work. We are unable to determine whether or not his disability is total and whether his disability is temporary or permanent.
Under the authority of LSA-C.C.P. art. 2164 we remand the case to the trial court with instructions to reopen the record for evidence' of the nature and extent of Campbell’s disability, and the amount of compensation he is owed. See Bodin v. Bodin, 392 So.2d 759 (La.App. 3d Cir.1980) and authorities therein cited.
REMANDED FOR FURTHER PROCEEDINGS.