FORET, Judge.
This is a suit for worker’s compensation benefits. Plaintiff, Billy J. White, filed suit against defendant, City of Eunice, seeking reinstatement of worker’s compensation benefits. Following trial on the merits, the trial court found plaintiff was totally and permanently disabled and that the disability continued at the time of the trial. Judgment was rendered against defendant, City of Eunice. Defendant appealed.
ISSUE
Whether the trial court committed manifest and reversible error in finding claimant to be permanently and totally disabled as a result of the work-related accident, and that the disability continued at the time of the trial.
FACTS
Plaintiff was employed by the City of Eunice as a machine operator. In connection with this work, plaintiff would assist fellow employees in manual labor tasks. On the day of the accident, plaintiff’s usual work of operating a backhoe was suspended due to rain. It being too early to quit work for the day, plaintiff’s supervisor asked plaintiff and a co-employee to clean up the tools and straighten up the shop. In pursuit of this work, plaintiff and the co-employee began to pick up and move a bookshelf. When plaintiff picked up his end, it jammed. While trying to lift the bookcase out of the jam, plaintiff jerked up and immediately experienced sharp pain down both of his legs and in his lower back. Shortly thereafter, plaintiff was taken to Dr. Thompson, a general practitioner, and received a shot and medication for pain. After seeing Dr. Thompson for approximately two months, plaintiff was referred to Dr. Butuad, an orthopedist. Dr. Butuad prescribed physical therapy, which plaintiff underwent for about a year. Dur *600 ing this time, defendant’s worker’s compensation carrier referred plaintiff to Dr. James C. McDaniel. Dr. McDaniel examined plaintiff, performed a CT scan and myelogram, and then discharged him to return to his employment. Still experiencing pain, plaintiff was unable to continue work and was released by his employer. Shortly following, plaintiff saw Dr. William Poster, a neurosurgeon, for treatment. Dr. Foster examined plaintiff, ordered that a discogram be performed, and concluded that he suffered from a ruptured or herniated disc at the L5-S1 level and recommended surgery. On November 15, 1984, claimant’s worker’s compensation benefits were terminated after the employer’s insurer, Mid-Continent, became insolvent, and it became necessary for plaintiff to pursue his claim for future worker’s compensation benefits against his employer, City of Eunice.
WAS PLAINTIFF PERMANENTLY AND TOTALLY DISABLED?
Defendant contends that the trial court erred in finding plaintiff permanently and totally disabled. The trial court’s factual findings with regard to disability are entitled to great weight and should not be disturbed absent clear error. In the present case, we find the trial court was not clearly wrong in finding that plaintiff was totally and permanently disabled.
The depositions of Drs. Foster and McDaniel were introduced into evidence in lieu of their appearance at trial. Testimony in person was given by plaintiff. From this testimony, the trial court concluded that plaintiff had proved, by a preponderance of the evidence, that his work-related injury rendered him permanently, totally disabled, and the disability continued at the time of trial.
On appeal, defendant contends that there was insufficient evidence for the trial court to conclude that plaintiff satisfied his burden of proof. In view of this, defendant requests that this Court consider the circumstances under which the two doctors rendered an opinion, and the basis of their respective conclusions.
The record reflects that subsequent to the physical therapy that plaintiff was undergoing, plaintiff was referred to Dr. McDaniel at the request of defendant. On and off between March 30, 1983 and March 18, 1985, plaintiff saw Dr. McDaniel about eight times in connection with his pain. Dr. McDaniel stated that he did not diagnose any particular problem; that there were no objective signs of injury. He testified that he did a myelogram and a CAT scan on the plaintiff and both tests were normal. Dr. McDaniel did concede, however, that a person could have a herniated disc and it not show up on a myelogram or a CAT scan. He stated' that discography has. become locally popular in the last two years and that more physicians are using it as a basis for their diagnoses.
On July 13, 1983, after Dr. McDaniel could not help him, plaintiff saw Dr. Foster, who concluded that plaintiff may. have sustained a very severe strain to the lumbar spine. On April 24, 1984, a disco-gram was performed on plaintiff at Dr. Foster’s order. The study revealed definite abnormality at L5-S1 with degeneration of the disc and slight posterior spurring. Dr. Foster stated that there was no doubt that he had a herniated disc at L5-Sl. Positive findings of medical experts are to be afforded greater weight than the negative findings as to the existence or not of a particular condition. Campbell v. Luke Construction Co., 465 So.2d 688 (La. 1985); Comeaux v. Cameron Offshore Services, Inc., 420 So.2d 1209 (La.App. 3 Cir.1982).
Plaintiff testified that he attempted to go back to work after the accident but that lower back pain prevented him from continuing. He stated that since he was injured, the pain has gotten worse, and his legs are getting numb and giving out under him. As a result, plaintiff has a difficult time walking and has taken to the use of a cane for assistance.
It is apparent that the trial judge was impressed with the demeanor of plaintiff as he testified concerning his accident, his attempts to return to work, and his cooperation with his employer’s physician, Dr. *601 Mcljaniel. Plaintiff testified convincingly that he attempted in every manner to cooperate with his employer until such point as he was discharged. Only then did. he seek the help of the court. The findings by Dr. Poster following a discogram of plaintiff were given greater weight by the trial court than the findings of Dr. McDaniel following the CT scan and myelogram. We cannot say the trial judge erred in reaching his conclusion.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are to be borne by defendant-appellant, City of Eunice.
AFFIRMED.