WARD, Judge.
Elizabeth James, a surgical nurse at Chil-drens Hospital of New Orleans, was injured in the course and scope of her employment on December 19, 1986. Ms. James initially injured herself while lifting a tray of surgical instruments, but returned to work until June 12, 1987 when she reinjured herself while attempting to move a patient. Her physician, Dr. Andrew King, performed a percutaneous dis-cectomy in the summer of 1987; Ms. James underwent physical therapy until a functional evaluation concluded she could return to work in November of 1987. On January 18, 1988, Ms. James believed her physical condition worsened and she could no longer perform her job. Nonetheless, she again returned to work in November, 1988, but shortly thereafter left because she again experienced pain while working. Thereafter, Ms. James did not return to work.
Ms. James received temporary total benefits from December 1986 until February 1989. Travelers Insurance discontinued Ms. James’ benefits primarily based on the reports of Ms. Fletrich, a clinical rehabilitation employee. Several physicians submitted medical reports which also indicated that Ms. James had reached her maximum recovery by February 1989.
The trial court ruled in favor of Ms. James awarding her 520 weeks Supplemental Earning Benefits (SEB) and attorney’s fees of $2,500.00.
The Department of Health and Human Resources and Childrens’ Hospital seek a reversal of the judgment claiming Ms. James was offered comparable work. DHHR and Childrens Hospital assert that if Ms. James should prevail on appeal, they should be credited not only for SEB benefits which she has already received, but that she should also not be entitled to recover attorneys fees. Ms. James asks this Court to reverse the Trial Court’s denial of her request for penalties under R.S. 23:1201; however, Ms. James’ failure to file an answer requesting such relief pursuant to C.C.P. art. 2133 precludes our review of this issue.
*703 We affirm the trial court’s judgment regarding SEB benefits but amend to reflect a credit for the SEB payments Ms. James received prior to the ruling. We also amend the trial court’s award of attorneys fees, as it has not been shown that DHHR and Childrens Hospital acted arbitrarily and capriciously in terminating Ms. James workman’s compensation benefits.
Prior to trial the parties stipulated to the following: 1) Elizabeth James suffered injury while employed at the Children’s Hospital in the course and scope of her employment on December 19, 1986, and again on June 12, 1987. 2) Ms. James’ average weekly wage at the time of her injury was $644.56, giving her a compensation rate of $261.00, the maximum benefit at the time. 3) Ms. James received benefits for 84 weeks through February 15,1989. Medical bills payable are not at issue.
Many of defendants’ assignments of error presuppose the trial court erred in refusing to qualify Ms. Fletrich as an expert witness in vocational rehabilitation.
Ms. Fletrich presented information of sedentary jobs for which Ms. James could qualify; jobs which were available in the area where Ms. James resided. Although this information was presented to both parties, Judge Ganucheau determined that Ms. Fletrich lacked a Louisiana license and thus excluded her testimony.
The trier of fact has vast discretion in assessing the credibility of witnesses. Disability under the Louisiana Worker’s Compensation Act is a legal rather than purely medical determination. A trier of fact may reject the opinion of a medical expert depending upon the impression that the expert’s qualifications, credibility, and testimony make. Green v. Cement Products Services, 526 So.2d 493, 497 (La.App. 1st Cir.1988). The record reflects that Judge Ganucheau carefully examined Ms. Fletrich prior to his ruling. The trial judge’s denial was based on the witness’ lack of a required state license which mandates two years of practical experience. As the witness possessed only nine months experience, we accept the trial court’s decision. We cannot conclude that the court’s decision to exclude Ms. Fletrichs’ findings is manifestly erroneous.
DHHR and Children’s Hospital also assert that the trial judge “excluded all depositions and reports by the physicians”, and that “the records and an inde-pendant medical evaluation concluded Ms. James was able to return to work as of February 22, 1989.” After hearing the results of the independent medical evaluation and reviewing the testimony of Ms. James’ doctor, Judge Ganucheau simply determined that Ms. James’ treating doctor, Dr. King, accurately determined that she could not return to work until May 1, 1990. The trial judge correctly imparted more weight to Ms. James’ treating physician’s testimony than to the one time examination performed by the examining neurosurgeon, Dr. Schumacher. On the basis of Ms. James’ testimony of substantial pain, corroborated by the proffered testimony of three out of four examining doctors, the trial judge concluded that Ms. James was in substantial pain due to bulging discs and degenerative disc disease. The positive findings of medical experts are granted greater weight than negative findings as to the existence or non-existence of a particular condition. Campbell v. Luke Construction Co., 465 So.2d 688 (La.1985). Further, Ms. James attempted to return to work in February 1989 at one of the jobs suggested by a vocational counselor, but suffered a set back. Ms. James also applied for various sedentary jobs but was turned down because of her history of back injury, or disqualified on the basis of lack of experience. Thus, based on the findings of fact we conclude that Ms. James is entitled to temporary total disability from February 22, 1989 until May 1, 1989, the date her treating physician released her.
Although DHHR and Children’s Hospital failed to show Ms. James was not entitled to benefits, we do not believe Ms. James is entitled to recover attorney’s fees. R.S. 1201.2 addresses the issue of attorney’s fees and provides:
§ 1201.2. Failure to pay claims; discontinuance; attorney’s fees
*704 Any insurer liable for claims arising under this Chapter, and any employer whose liability for claims arising under this Chapter is not covered by insurance, shall pay the amount of any claim due under this Chapter within sixty days after receipt of written notice. Failure to make such payment within sixty days after receipt of notice, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject employer or insurer, in addition to the amount of the claim due, to payment of all reasonable attorney’s fees for the prosecution and collection of such claim, or in the event a partial payment or tender has been made, to payment of all reasonable attorney’s fees for the prosecution and collection of the difference between the amount paid or tendered and the amount due. Any employer or insurer who at any time discontinues payment of claims due and arising under this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the payment of all reasonable attorney’s fees for the prosecution and collection of such claims. The provisions of R.S. 23:1141 limiting the amount of attorney’s fees shall not apply to cases where the employer or insurer is found liable for attorney’s fees under this Section. The provisions of R.S. 22:658(C) shall be applicable to claims arising under this Chapter.
In order to prevail on a demand for attorney’s fees, an employee must prove that his employer’s refusal to continue to pay benefits is arbitrary, capricious or without probable cause. The termination of benefits is not arbitrary and capricious or without probable cause under R.S. 23:1201.2, when the insurer bases termination on substantial bonafide factual contentions. Harrison v. Chicago Mill & Lumber Co., 446 So.2d 843 (La.App. 2 Cir.1984).
Contrary to Ms. James’ assertions, the Trial Court made no finding of arbitrary and capricious refusal to continue payments. In fact, not only are the judgment and reasons for judgment devoid of any such findings, the Trial Court specifically denied Ms. James request for penalties under R.S. 23:1201(E), further proof the Court made no finding of willful failure and refusal to pay compensation.
R.S. 23:1201(E) provides:
E. If any installment of compensation payable without an order is not paid within the time period provided in Subsections B, C, or D of this Section, there shall be added to such unpaid installment a penalty of an amount equal to twelve percent thereof, which shall be paid at the same time as, and in addition to, such installment of compensation, unless such nonpayment results from conditions over which the employer or insurer had no control. Whenever the employee’s right to such benefits has been reasonably controverted by the employer or his insurer, the penalties set forth in this Subsection shall not apply. The twelve percent additional payment shall be assessed against either the employer or the insurer, depending upon who was at fault in causing the delay. No worker’s compensation insurance police shall provide that this sum shall be paid by the insurer if the administrative hearing officer determines that the twelve percent additional payment is not be made by the employer rather than the insurer. Any additional installment of compensation paid by the employer or insurer pursuant to this Section shall be paid directly to the employee.
Because the Trial Court did not find Travelers’ discontinuance of benefits unjustified, it follows by the very wording of R.S. 23:1201.2 that Ms. James is not entitled to recover attorney’s fees; hence, the Trial Judge erred in awarding them.
Upon reviewing the Reasons for Judgment, it appears the trial judge did not consider the eighty four (84) weeks of benefits Ms. James previously received. It is obvious the trial court did not intend that Ms. James receive five hundred twenty (520) weeks of SEB from May 1, 1989, the date of judgment. We amend the judg *705 ment to reflect a credit for the eighty four (84) weeks Ms. James received.
DHHR and Children’s Hospital further contend that
... A credit is due for benefits paid under an employer-paid insurance policy, and for disability benefits; the trial court erred in not providing a credit for disability benefits received by the claimant, and in not determining if employer paid the insurance on claimant’s behalf.
This assertion is vague. There is no disability policy in the record and the only reference made by DHHR and Children’s Hospital to a disability policy merely affirms that Ms. James is receiving a sum of $1,397.00 monthly, from “the disability company”, but fails to assert that Ms. James is not entitled to it. (Trial Testimony p. 42-43). Because this issue was not adequately addressed in the record, we cannot consider it on appeal.
For the foregoing reasons, the decision of the trial court is amended to reverse the award of $2,500 in attorney's fees to Ms. Jones. In all other respects, the judgment of the lower court is affirmed. All costs of the appeal are assessed to Travelers Insurance Company.
AMENDED; AFFIRMED AS AMENDED.