614 So.2d 225 (1993)
Isaac JACKSON, Plaintiff-Appellee,
v.
D.C. KILE, INC. and Commercial Union, Defendants-Appellants.
No. 91-1370.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1993.
Writ Denied April 23, 1993.
*226 James Burks, Lake Charles, for plaintiff-appellee.
Plauche, Smith & Nieset, Michael J. McNulty, III, Lake Charles, for defendants-appellants.
Before LABORDE, THIBODEAUX and WOODARD, JJ.
WOODARD, Judge.
This appeal arises out of a suit for worker's compensation disability benefits. The central issue on appeal is whether the trial court erred in declaring the plaintiff, Isaac Jackson, disabled. Defendant, D.C. Kile, Inc., asserts the following assignments of error: (1) the trial judge erred in ordering an examination of plaintiff by a psychiatrist who was also qualified as a neurologist; (2) the trial judge erred in finding plaintiff suffered from a psychotic or neurotic disorder which rendered plaintiff disabled; (3) the trial judge erred in giving more weight to the opinion of the court appointed expert than he gave to the opinions of the experts chosen by defendant; and (4) the trial judge erred in failing to proceed with utmost caution and extreme care in evaluating the psychiatric and psychological evidence.

FACTS
Plaintiff was employed by D.C. Kile as a laborer and equipment operator. On July 14, 1986, plaintiff was injured while operating a bulldozer. The blade of a front-end loader got caught under the blade of the bulldozer and started lifting the bulldozer up. As plaintiff was preparing to jump out of the bulldozer, the front-end loader backed up and the bulldozer crashed to the ground. Plaintiff's head hit the top of the headache rack and it drove him back down into his seat.
Plaintiff's neck and lower back were injured. He was examined by several doctors, and on September 29, 1986, Dr. William Foster, a neurosurgeon, performed a cervical discectomy on the plaintiff, removing a disc from his neck.
Although plaintiff continued to complain of pain after the surgery, Dr. Foster felt plaintiff was physically recovered, and released him to return to work in May, 1987. On June 3, 1987, plaintiff went back to work for D.C. Kile as a janitor at a bingo hall. He quit this job approximately one week later, claiming he could not work because of pain in his neck and arm. Plaintiff was examined by several doctors; none of them found any physical reason for the amount of pain plaintiff claimed he was experiencing. Plaintiff's worker's compensation benefits were terminated on May 25, 1990.
At the close of the trial, the judge ordered an examination of the plaintiff by a psychiatrist qualified in neurology. Dr. Harper Willis was the one doctor in the area qualified in both psychology and neurology. He examined plaintiff on the 8th through the 10th of February, 1991. The trial judge granted the defendant the right to rebut by having plaintiff examined by Dr. James Blackburn, a psychiatrist, and Dr. J.D. Cole, a clinical psychologist.
After reviewing the reports of all three experts, the trial judge determined that plaintiff was disabled due to a psychiatric disorder, and issued judgment for plaintiff awarding worker's compensation benefits from May 25, 1988, continuing through plaintiff's disability. Defendant, D.C. Kile, appeals this judgment.

THE COURT APPOINTED EXPERT
We must first decide whether the trial judge erred in ordering an examination of the plaintiff by a psychiatrist qualified *227 in neurology. Defendant argues it was error for the trial judge to order this exam because the issue of disability based on a mental or nervous condition was a "creature of the trial judge's imagination." Defendant also argues it was error for the court to order an exam by a psychiatrist qualified in neurology because only one doctor in the area met this criteria, and thus, the judge selected Dr. Willis. These arguments have no merit.
First, mental disability was put at issue by the pleadings. Paragraph 7 of plaintiff's petition specifically alleges that plaintiff is suffering from a psychogenic disorder and is mentally as well as physically disabled. Second, it is well settled that in worker's compensation suits, the trial court can retain an expert witness to advise the court. Latiolais v. Jernigan Bros., Inc., 520 So.2d 1126 (La.App. 3 Cir.1987). We also find nothing which would prevent the court from choosing the type of doctor to conduct the examination. In Roman v. Broussard, 255 So.2d 135 (La.App. 3 Cir. 1971) this court found no error by the trial court when it ordered an examination by a specifically named doctor.
Defendant was granted the opportunity to rebut, and it did so by submitting the reports of its own expert witnesses, Dr. Blackburn and Dr. Cole. We find the trial court committed no error when it ordered an examination of the plaintiff by a psychiatrist qualified in neurology.

DETERMINATION OF DISABILITY
Plaintiff was examined by Dr. Willis over the course of three days in February 1991. In his report, he stated plaintiff has a Somatoform Pain disorder and concluded plaintiff has a serious psycho-neurotic disorder which is likely permanent. Dr. Willis did not state whether this disorder is disabling.
Plaintiff was also examined by Dr. Cole and Dr. Blackburn, at defendant's request. Dr. Cole concluded plaintiff was not disabled. He stated he considered plaintiff to be malingering. Dr. Blackburn concluded plaintiff did not have a Somatoform disorder nor a permanently disabling psychiatric disorder, although he believed plaintiff was suffering from some physical pain. After reviewing the experts' reports, the trial judge found Dr. Willis to be the most credible, and concluded that plaintiff was disabled.
Defendant asserts the trial judge failed to proceed with utmost caution and extreme care in evaluating the psychiatric and psychological evidence, and thus erred in finding plaintiff disabled.
Because of the possibility of symptoms being feigned in worker's compensation cases concerning mental injuries, the court should exercise extreme care in determining whether an employee proved he suffered such an injury, and whether the injury is causally related to the accident. Williams v. Regional Transit Authority, 546 So.2d 150 (La.1989).
Defendant argues it was error for the trial judge to rely on the report of Dr. Willis because his opinion is flawed. Plaintiff fell while trying to get out of his bed in a jail cell on January 29, 1988, and he was involved in a minor automobile accident on August 11, 1989. Defendant claims that Dr. Willis' opinion is flawed because it does not appear from his report that he knew about these accidents. Defendant believes Dr. Willis did not consider these accidents as possible causes of plaintiff's disorder.
The Supreme Court addressed causation in worker's compensation cases in Martin v. H.B. Zachry Co., 424 So.2d 1002, 1005 (La.1983) as follows:
However, in cases such as these, the ultimate determination as to whether a plaintiff has proved the causation of his disability is made by the court and not by medical experts. The courts apply legal tests to the facts of the case in order to achieve a just and equitable result. Causation is not necessarily a medical conclusion. (citations omitted).
The same principle applies to defendant's argument that the trial court erred in determining plaintiff was disabled when Dr. Willis did not declare plaintiff disabled. The determination of disability in a worker's compensation case is a legal rather *228 than purely a medical determination, and this determination is based on the totality of the evidence. DeGruy v. Pala, Inc., 525 So.2d 1124 (La.App. 1 Cir.1988), writ denied 530 So.2d 568 (La.1988). Therefore, it is the trial judge who determines causation and disability and not the expert witnesses. Defendant's arguments are therefore without merit.
Defendant asserts the trial judge erred in attaching more weight to Dr. Willis' opinion than to the conclusions of defendant's doctors. The determination of disability by the trial judge is a finding of fact. The amount of weight the trial judge places on expert testimony and his resulting findings of fact are entitled to great weight on appeal. Andrus v. Rimmer & Garrett, Inc., 316 So.2d 433 (La.App. 3 Cir.1975).
Dr. Willis concluded plaintiff had a psycho-neurotic disorder, while defendant's doctors concluded plaintiff had no disorder. Positive findings of medical experts are given greater weight than negative findings regarding the existence of a particular condition. Campbell v. Luke Construction Co., 465 So.2d 688 (La.1985). Furthermore, Dr. Willis was appointed by the court, and the opinion of a court appointed expert is entitled to significant weight because his conclusions are more likely to be objective. Vidrine v. Magnolia Liquor Co., Inc., 533 So.2d 1329 (La. App. 3 Cir.1988).
We therefore find no error by the trial judge in giving greater weight to the report of the court appointed expert and in finding plaintiff disabled.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to defendant-appellant D.C. Kile, Inc.
AFFIRMED.