651 So.2d 494 (1995)
Amos JOHNSON, Jr., Plaintiff-Appellee,
v.
NATCO (PORT OF NEW IBERIA), Defendant-Appellant.
No. 94-1236.
Court of Appeal of Louisiana, Third Circuit.
March 1, 1995.
*495 Allen Roy Ingram, Lafayette, for Amos Johnson Jr.
Barry L. Domingue, Lafayette, for NATCO (Port of Iberia).
Before LABORDE, COOKS and WOODARD, JJ.
COOKS, Judge.
This is a workers' compensation case. Amos Johnson, Jr., was injured while in the course and scope of his employment with NATCO (Port of New Iberia). After paying temporary total disability benefits for a period of time, the employer terminated Johnson's benefits and medical treatment. After trial, the hearing officer found in favor of the employee and reinstated compensation benefits. NATCO appeals this decision. We affirm.

FACTS
Johnson was employed at National Tank Company (NATCO) for approximately fifteen (15) years. On March 26, 1993, Johnson alleges he was injured in the course and scope of his employment, while he attempted to move some steel handrails. Johnson stated he felt a sharp pain in his lower back when he lifted the handrails. He continued to work the remainder of the day, but went to the emergency room at Iberia General Hospital the next day. Johnson has not worked since the accident.
Worker's compensation benefits were paid from March 27, 1993 through June 8, 1993, at the rate of $307.00 per week. The employer relied upon Dr. Douglas Bernard's medical findings to terminate payment of benefits to the employee. Dr. Bernard released Johnson to return to work without restrictions on June 8, 1993. Subsequent to release from Dr. Bernard's care, Johnson was examined by Dr. Louis Blanda, who recommended he undergo additional testing, including a myelogram. Dr. Blanda did not feel Johnson could return to work. Armed with Dr. Bernard's release, the employer refused to pay for any additional testing.
Johnson filed a claim for compensation benefits with the Office of Workers' Compensation on November 18, 1993. A trial before an administrative hearing officer was held on May 9, 1994. Judgment was rendered in favor of the claimant awarding him temporary total disability benefits and payment of all medical expenses. Penalties and attorney fees were denied by the hearing officer, who held the employer was not arbitrary and capricious in its refusal to pay compensation benefits. This appeal followed.

ANALYSIS
In this case there is no dispute regarding the occurrence of a work-related accident. The parties stipulated the claimant was in the course and scope of his employment at the time of the injury. Nor is there a dispute regarding the fact that the work-related accident caused some disability. The sole issue before us concerns the nature and extent of Johnson's disability.
LSA-R.S. 23:1221(1)(c) requires the employee prove by clear and convincing evidence he is physically unable to engage in any employment or self-employment, regardless of whether the employment calls for working in pain. Tanner v. International Maintenance Corp., 602 So.2d 1133 (La.App. 1st Cir.1992).
Johnson was examined and treated the day after the accident at Iberia General Hospital. He then began seeing Dr. Jacob Lahasky, his family physician. Dr. Lahasky initially diagnosed "low back strain with possible sciatic nerve root irritation." Dr. Lahasky recommended Johnson visit Dr. Bernard for an orthopedic consultation, but continued to treat him thereafter. Johnson began physiotherapy under Dr. Lahasky's orders. When this did not lead to improvement, Dr. Lahasky scheduled an MRI which showed the existence of spinal stenosis at L4 and L5 level, accentuated by mild bulging at these levels. The MRI also revealed desiccation of the disc at L3-L4 with anterior herniation of the disc and mild spurring. Dr. Lahasky saw Johnson for the last time on July 7, 1993, at which time he told Johnson he could do no more for him, because he was not an orthopedic surgeon. Dr. Lahasky did not feel *496 Johnson was capable of working at this time because he was still in pain.
After he was discharged from Dr. Bernard's care, Johnson called Dr. Lahasky asserting he was still in pain and wanted to see another orthopedic surgeon. He was referred to Dr. Louis Blanda. Dr. Blanda examined him, and found pain down the back part of his left leg and back and his reflexes were decreased. Dr. Blanda also found objective evidence that Johnson was experiencing muscle spasms in his lumbar spine and suppressed deep tendon reflexes. After full examination and review of the MRI results, Dr. Blanda concluded Johnson suffered from symptomatic spinal stenosis with some radiculitis in the left leg. Dr. Blanda recommended a myelogram with an EMG and nerve conduction. These additional medical procedures were denied by the defendant. Dr. Blanda testified Johnson was in need of further medical treatment, and he could not return to any kind of manual labor.
Dr. P.J. Suirria, a radiologist, found the MRI revealed "significant" spinal stenosis at the L4 and L5 levels, accentuated by mild generalized bulges of the discs. Both Dr. Lahasky and Dr. Blanda agreed with Dr. Suirria's findings.
Dr. Bernard treated Johnson from April 8, 1993 until July 7, 1993. While noting the CT scan and MRI revealed "some mild stenosis," Dr. Bernard felt there was nothing to indicate he had any kind of disc protrusion or problem. Dr. Bernard found no neurological signs, and felt Johnson was overreacting and was "less than sincere" in his complaints. Despite complaints of pain, no medication was prescribed. Dr. Bernard released Johnson to return to work on July 7, 1993.
Faced with conflicting medical testimony, the hearing officer concluded Johnson established by clear and convincing proof that he was temporarily totally disabled. Favoring this conclusion were the findings of most, but not all, of the medical experts. A hearing officer is granted considerable leeway in evaluating expert testimony. Lirette v. State Farm Ins. Co., 563 So.2d 850 (La. 1990). Whether or not a worker is temporarily totally disabled is a question of fact best left to the factfinder whose determinations of fact, regardless of the source of the admissible evidence scrutinized, are not to be disturbed on appeal. Alexander v. Pellerin Marble & Granite, 93-1698 (La. 1/14/94), 630 So.2d 706; Landry v. Central Industries, Inc., 592 So.2d 478, 480 (La.App. 3d Cir. 1991), writ denied, 593 So.2d 381 (La.1992).
Defendant maintains Dr. Bernard's finding that the employee was capable of returning to work should prevail, notwithstanding the contrary findings of the other physicians who treated or examined him. It is argued that Dr. Bernard was the treating physician, and thus his testimony should be accorded more weight than that of the other witnesses.
The finding of disability within the framework of workers' compensation law is a legal rather than purely medical determination. It is the totality of the evidence, both medical and lay testimony, which must be examined by the trial court in making its determination on the question of disability and it is the function of the court to assess the weight to be accorded such testimony. The opinion of a physician or other medical expert does not necessarily establish the existence of vel non a legal disability and the court may accept or reject such opinion testimony depending upon what impression the qualifications, credibility and testimony the particular expert makes upon the court. Degruy v. Pala, 525 So.2d 1124 (La.App. 1st Cir.), writ denied, 530 So.2d 568 (La.1988). As a general rule, the testimony of a treating physician should be given more weight than that of a physician who examined a claimant for diagnostic purposes. Guillotte v. Dynamic Offshore Contractors, 628 So.2d 234 (La.App. 3d Cir.1993); Degruy, supra. However, the positive findings of medical experts are to be afforded greater weight than negative findings as to the existence or not of a particular condition. Campbell v. Luke Construction Co., 465 So.2d 688 (La. 1985); Jackson v. D.C. Kile, Inc., 614 So.2d 225 (La.App. 3d Cir.), writ denied, 616 So.2d 702 (La.1993). Further, the trial judge's decision to accept as more credible medical testimony favoring a disability finding versus that tending to disprove such and his resulting findings of fact are entitled to great *497 weight on appeal. Jackson v. D.C. Kile, supra; Andrus v. Rimmer & Garrett, Inc., 316 So.2d 433 (La.App. 3d Cir.1975).
Based on the foregoing rules of law we cannot say the trial court erred in accepting the testimony of Doctors Lahasky, Blanda and Suirria over that of Dr. Bernard. Three Doctors similarly interpreted the results of the CT scan and MRI, and felt Johnson could not return to work. Further, the hearing officer found Dr. Bernard gave inconsistent testimony in several areas.
A determination that a claimant is temporarily and totally disabled should not be disturbed on appeal if it is based upon reasonable evaluations of credibility and there is evidence before the trier of fact which furnishes a reasonable factual basis for such a finding. Landry v. Central Industries, Inc., 592 So.2d 478, 480 (La.App. 3d Cir.1991), writ denied, 593 So.2d 381 (La. 1992); Sinegal v. Louisiana Blasters, Inc., 546 So.2d 308 (La.App. 3d Cir.1989). After careful review of the evidence, we find a reasonable basis existed to support the hearing officer's determination that Johnson was entitled to temporary total disability benefits.

DECREE
For the above reasons, the judgment of the administrative hearing officer is affirmed. All costs of this appeal are assessed to defendant-appellant.
AFFIRMED.