|,SAUNDERS, J.
This is a consolidated ease. The defendant, Ditto’s Apparel, Inc., appeals a ruling by a workers’ compensation judge finding that the plaintiff, Sherry H. Clifton, suffered a recurrence and worsening of symptoms related to an injury sustained in a work-related accident while an employee of Ditto’s Apparel. The workers’ ^compensation judge further found that she is entitled to back-due temporary total disability compensation plus interest from the date payment was due, medical compensation, penalties, and attorney’s fees in the amount of $10,000.00.
Ms. Clifton appeals the decision of the workers’ compensation judge dismissing her claims against her second employer, the Town of Boyce, and seeks an increase in attorney’s fees for the costs of this appeal. For the following reasons, we affirm the decision of the workers’ compensation judge and amend the judgment only to award attorney’s fees on appeal.

FACTS

On or about October 18,1993, Sherry H. Clifton was injured during the course and scope of her employment as a seamstress with Ditto’s Apparel, Inc. when she fell while carrying a large bundle of pants. Ms. Clifton suffered injuries to her left wrist as a result of this fall.
Following the injury, Ms. Clifton was treated by Dr. Michael Genoff, an ortho-paedic surgeon specializing in injuries of the hand and upper extremities. Dr. Ge-noff continued to treat Ms. Clifton from January 13, 1994, through August 1996. During this time, Ms. Clifton underwent two surgical procedures performed by Dr. Genoff. She was also treated by Dr. John Martin, an anesthesiologist specializing in pain management, who administered trigger point injections and stellate ganglion blocks.
Despite these procedures, Ms. Clifton continued to suffer pain, numbness, and tingling in her hand and wrist. Dr. Genoff restricted her future employment to light duty use of her injured hand and arm, since she was incapable of returning to any work activity resembling her pre-injury employment.
IsOn January 15, 1996, Ms. Clifton began employment as a billing clerk for the Town of Boyce. Her job duties were mainly clerical including waiting on customers, typing, filing, answering the telephone, and processing utility bill payments. The processing of utility bills required Ms. Clifton to lift several large books containing utility meter readings and account sheets. Since using her hand and wrist to flip through these books was painful, Ms. Clifton adopted another method in which she would use her entire arm to turn the pages.
Ms. Clifton began experiencing pain in her hand, arm, and shoulder. On June 11, 1996, she returned to Dr. Genoff complaining of pain, numbness, and tingling in her left hand, which radiated up her arm to her shoulder. Dr. Genoff placed restrictions on Ms. Clifton, but allowed her to continue working. Occupational therapists visited Ms. Clifton at her place of employment and suggested position modifications and safeguards to make her more comfort *884 able and prevent aggravation of her injury. On August 22, 1996, Ms. Clifton resigned.
Ms. Clifton demanded benefits from Ditto’s Apparel as a result of the aggravation of her previous injury, but they refused to approve medical treatment and denied her request for reinstatement of weekly compensation benefits. She filed a formal dispute against Ditto’s Apparel with the Office of Workers’ Compensation, and subsequently added the Town of Boyce as a party defendant. The Town of Boyce filed exceptions of no cause of action, prescription, and vagueness.
Trial was held on October 31, 1997; and on November 19, 1997, the workers’ compensation judge gave oral reasons for judgment finding Ditto’s Apparel solely responsible for Ms. Clifton’s injury and any damages arising from the recurrence of that injury, and dismissing all claims against the Town of Boyce. Additionally, Ditto’s Apparel was found arbitrary and capricious for its failure to approve treatment l4or reinstate benefits upon notification of the recurrence of her symptoms and assessed penalties and attorney’s fees.
On January 14, 1998, Ditto’s Apparel effected this suspensive appeal, which plaintiff has answered seeking an increase in attorney’s fees for appellate work. Ms. Clifton was granted a devolutive appeal on January 7, 1998, as to the denial of her claim for relief against the Town of Boyce.
DISCUSSION
Two main issues are presented by these appeals. First, whether the workers’ compensation judge was correct in finding that Ms. Clifton experienced a recurrence of symptoms from her original injury at Ditto’s Apparel, thus warranting an allocation of sole responsibility for benefits to Ditto’s Apparel, and exonerating the Town of Boyce from any liability. Secondly, whether the workers’ compensation judge was correct in deeming Ditto’s Apparel failure to pay benefits arbitrary and capricious.
In her reasons for judgment the workers’ compensation judge stated, in part:
Based on the testimony that was presented at trial, the medical reports, the deposition, it is the opinion of this court that this is a classic case of recurrence of prior injury. Notwithstanding Doctor Genoffs opinion that the shoulder impingement syndrome is more likely related to the work at Boyce, it is the finding of this Court that she suffered a recurrence and worsening of her symptoms from the original injury while she was working at the Town of Boyce, that the Town of Boyce is not in any way responsible for the recurrence of these symptoms. While the work with the Town of Boyce caused the symptoms to reappear, she would not have been susceptible to these symptoms if she hadn’t been injured in the first place.
Ditto’s Apparel contends that the workers’ compensation judge erred in ignoring the unrebutted medical testimony of Dr. Genoff. On the other hand, the Town of Boyce submits that the workers’ compensation judge simply disregarded inconsistent statements presented by Dr. Genoff. In support of this contention, a | ¿letter written by Dr. Genoff to Ms. Clifton’s attorney dated November 30, 1996, was offered into evidence. In the letter Dr. Ge-noff wrote:
In response to your letter dated 11/20/96, I have prepared the following letter to answer the question whether or not it is my medical opinion that Ms. Clifton’s current symptoms are attributable to her original injury. In the patient’s initial visit with me on 01/13/94, she was complaining of numbness and tingling in her ring and small finger. This is exactly the same numbness and tingling she continues to complain of and as such, represents an exacerbation of her prior condition.
With regard to her shoulder pain, ... it is also my medical opinion that the patient’s shoulder complaints represent an extension of her condition, that being *885 upper extremity pain, to her shoulder, by reason of her continued involuntarily contraction of shoulder muscles.
As such, both of these conditions are related to her initial injury and should be treated as such.
Later, in his deposition taken on April 15, 1997, Dr. Genoff contradicted his earlier statements, testifying as follows:
Q And again both of these conditions orthopedically and medically, you have a difficult time relating to her accident back in 1998?
A Let’s just say I have an easier time relating them to her employment of 1996.
Dr. Genoff further stated that he could more easily attribute the tingling of the fingers to the Ditto’s Apparel accident, but Ms. Clifton’s ulnar nerve entrapment and shoulder impingement were probably separate injuries caused by her work with the Town of Boyce.
A worker’s compensation judge’s findings of fact are subject to the manifest error standard of review. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/1/97); 696 So.2d 551. A workers’ compensation judge is granted considerable leeway in workers’ compensation cases in evaluating expert testimony. Johnson v. NATCO (Port of New Iberia), 94-1236 (La.App. 3 Cir. 3/1/95); 651 So.2d 494. Credibility determinations, like those made by the workers’ compensation judge in the case sub judice, “are solely within the factfinder’s province.” Lavergne v. Lake Charles Memorial Hosp., 625 So.2d 1098, 1099 (La.App. 3 Cir.1993), writ denied, 93-2756 (La.1/7/94); 631 So.2d 451.
We find no manifest error in the workers’ compensation judge’s decision to give more weight to the letter written by Dr. Genoff, rather than his later deposition testimony. It is reasonable to conclude that his impressions of Ms. Clifton’s condition made closer to the date of his examination would be more accurate than those made nearly eleven months later. Moreover, Dr. Genoffs testimony, as a whole, reflects an uncertainty on his part as to the precise cause of Ms. Clifton’s shoulder impingement. He admitted that it was possible that she could have complained about shoulder pain prior to working for the Town of Boyce, but that he may have neglected to note it because he was concentrating on the primary pains in her hand and wrist. Accordingly, the workers’ compensation judge’s finding that Ms. Clifton’s pain while working with her second employer, the Town of Boyce, was a recurrence of her prior injury sustained during employment with Ditto’s Apparel will stand.
We now turn to the issue of penalties and attorney’s fees. A workers’ compensation judge’s ruling with regard to penalties and attorney’s fees is a factual determination that will not be altered unless found to be clearly wrong or manifestly erroneous. Gibson v. Dynamic Indus., Inc., 96-1605. (La.App. 3 Cir. 4/2/97); 692 So.2d 1320.
The relevant workers’ compensation statute entitles claimants to penalties and attorney fees if payments are not paid timely or are not authorized. La.R.S. 23:1201(F). Penalties and attorney’s fees can be avoided if the claim is reasonably ^[^controverted or if the nonpayment results from conditions that were beyond the control of the employer or insurer. La.R.S. 23:1201(F)(2). The penalty provision is provided in the workers’ compensation statute to discourage an attitude of indifference toward the injured employee. Faul v. Bonin, 95-1236 (La.App. 3 Cir. 8/7/96); 678 So.2d 627, writ denied, 96-2221 (La.11/15/96); 682 So.2d 769.
The test to determine if the employer or insurer has fulfilled its duty turns on whether the employer or his insurer had sufficient factual and medical information to reasonably counter the factual and medical information presented by the claimant. Thibodeaux v. L.S. Womack, Inc., 94-1375 (La.App. 3 Cir. 4/5/95); 653 So.2d 123; Hopes v. Domtar Indus., 627 So.2d 676 (La.App. 3 Cir.1993). Our review of the record reveals a reasonable *886 factual basis for the imposition of penalties and attorney’s fees.
Ditto’s Apparel denied compensation and medical benefits to Ms. Clifton based solely on the information contained in Dr. Genoffs letter dated November 30, 1996, which stated that her pain was due to the first injury suffered while working for them. Even if their denial was based on Dr. Genoffs deposition testimony, as they argue in brief, Ditto’s Apparel denial of benefits would still be arbitrary and capricious as his testimony in no way exculpated them from liability. Their attitude toward Ms. Clifton’s recurrent injury was callous and indifferent, their response was arbitrary and capricious, and their payment of penalties and attorney’s fees is well earned and deserved.

DECREE

Thus, the decision of the workers’ compensation judge finding Ditto’s Apparel, Inc. solely liable for Ms. Clifton’s injuries and dismissing all claims against the Town of Boyce is affirmed in all respects. Ditto’s Apparel, Inc. is hereby ordered to pay | RadditionaI attorney’s fees to Sherry H. Clifton in the amount of $2,500.00 for appellate work and is further assessed with all costs of this appeal.
AFFIRMED AS AMENDED AND RENDERED.