UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60393
_____

SHIRLEY C. WILBANKS, D.S. #D.S. 58827,

Plaintiff-Appellant,

versus

A. H. ROBINS COMPANY, INCORPORATED, a Virginia Corporation,
by service on The Dalkon Shield Claimants' Trust; ET. AL.,

Defendants,

THE DALKON SHIELD CLAIMANTS' TRUST,

Defendant-Appellee.
_____

Appeal from the United States District Court
for the Northern District of Mississippi
(1:97-CV-18-J-A-D)
_____

September 15, 1999

Before KING, Chief Judge, JONES, and STEWART, Circuit Judges.[*]

PER CURIAM:

Ms. Wilbanks filed suit against The Dalkon Shield Claimants' Trust, the entity remaining after the manufacturer of The Dalkon Shield, A.H. Robins, Inc., filed bankruptcy. She asserted in January 1986 that she was injured by an I.U.D. manufactured by Robins and inserted in 1971. During a pregnancy in 1972, while the I.U.D. was in place, she suffered injury which made it difficult to carry future pregnancies. The use of the device

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

caused other gynecological problems eventually leading up to a hysterectomy in 1981. The magistrate judge dismissed, ruling that Wilbanks' claim was barred by the six-year Mississippi statute of limitations. Miss. Code Ann. § 15-1-49 (1972) (addendum). Wilbanks' action is barred unless she did not and could not have discovered her injuries until after January 1980.

Based on appellant's deposition, the magistrate judge found that she was aware throughout the 1970s of potentially serious gynecological problems and that she suspected the I.U.D. was the cause of those problems. On appeal, appellant asserts that limitations should not run until she really knew that the injuries were illegally caused by the A.H. Robins product -- and she did not really know this, because her doctors had always equivocated on the cause. Like the district court, we find this contention unavailing and unsupported by Mississippi law.

Construing the relevant statute of limitations, the Mississippi Supreme Court stated:

> The cause of action accrues and the limitations period begins to run when the plaintiff can reasonably be held to have knowledge of the injury or disease. . . . Though the cause of the injury and the causative relationship between the injury and the injurious act or product may also be ascertainable on this date, these factors are not applicable under section 15-1-49(2) [the analog to section 15-1-49] . . .

Owens-Illinois, Inc. v. Edwards, 572 So.2d 704 (Miss. 1990). The Mississippi Supreme Court thus interpreted the relevant statute in a way that rejects a requirement that the plaintiff know the cause of her injury or the connection between the injury and the

2

injurious product in order for limitations to run.  She need only know of the injury itself, as Wilbanks did here.

The other cases cited by Wilbanks are factually distinguishable.  For these reasons, the judgment of the district court is **AFFIRMED**.